# WHITE *v.* RAYBURN.

EVIDENCE—HEARSAY.—W. having a judgment against B., garnished a debt due B. from R., whereupon, as is alleged, R. gave a note to W. for the amount of the debt. In an action thereon by W. against R., the latter having denied the execution of the note, plaintiff offered to prove that he authorized his attorney, Y., to take the note, and was then asked, "What report did Y. make to you under this authority?" *Held*, The evidence called for was hearsay and inadmissible.

APPEAL from Benton County.

*W. S. McFadden*, for respondent.

*J. W. Rayburn*, for appellant.

By the Court, THAYER. J.:

This appeal is from a judgment of the circuit court for the county of Benton entered in an action in said court in favor of the respondent and against the appellant. The action was upon an alleged promissory note, claimed to have been lost or destroyed. The appellant by her answer therein filed denied the execution of the alleged note, or that there was any consideration for such note. The case was tried by the court and a jury duly impaneled. Upon the trial, the respondent, in order to maintain the issues upon his part, called Sol. King, the sheriff of Benton county, who gave testimony tending to show that he levied an execution issued upon a judgment in an action in a justice's court, wherein the respondent was plaintiff and one John Blake was defendant, upon a debt alleged to be owing from the appellant to the said Blake; that said execution was subsequently returned to said court, by direction of the attorney for the respondent. Said sheriff also testified that the appellant admitted to him that she had made such a note to

the respondent, but that she refused to pay it unless she got the note. The respondent then offered himself as a witness, and testified that he authorized his attorney, James A. Yantis, to arrange the matter of said Blake's debt to him with the appellant in any manner satisfactory to all parties; said witness was then asked this question: "State what report Yantis made to you under this authority you gave him?" to which question, appellant's counsel objected. The court overruled the objection and said counsel excepted to the ruling. The witness in answer to the question said: "He wrote to me that he had taken her note for $95 10, and I told him to collect it and wrote him to proceed in the matter, as I needed money."

The appellant has assigned several rulings of the court as grounds of error, but it is unnecessary to examine any of them other than the one overruling this objection. We think this was error. It was an attempt to prove the statement of the respondent's own attorney, made to the respondent, a material issue in the case. The question called for a statement of facts in reference to what Yantis had done in arranging the matter of Blake's debt with the appellant, and the answer of the witness was clearly responsive to the question. It went to jury, and if they believed it to be true, as they would be very likely to, it was decisive of the case. At all events, they returned a verdict for the respondent, and if the question were competent, I do not see how they could have done less. It established the making of the note and a good consideration therefor, which were the only issues between the parties. The counsel for the respondent claimed upon the argument that the question was proper, because it went direct to the *res gestae*; but the *res gestae* could not be proved by that character of

evidence.   It was no more than hearsay.   Had Yantis been present at the trial, he could have testified to the transaction; could have told what arrangement he made with the appellant regarding the matter, but his statement to his client was wholly inadmissible to prove it.   If the due execution of the note had been established, and it had been necessary to prove that there was a consideration for the making of it, the respondent, in order to prove the consideration to have been his release of his debt against Blake, could have properly testified that such release was given in consequence of the report made to him by his attorney; that he had taken appellant's note with such an understanding.   A party may frequently introduce his own acts and declarations in evidence as a part of the *res gestae,* but the principal fact must be established by direct proof.   The respondent's counsel may disclaim having had any intention to prove the making of the note by the answer the witness gave to the said question, and insist that he sought by it no such response.   Such may have been the fact, but I fail to understand why that response was not a direct answer to the question.   A debt due from the appellant to Blake had been levied upon by an execution upon a judgment in favor of respondent against Blake, and the respondent testified that he had authorized his attorney, Yantis, to arrange the matter satisfactory to all parties.   He is then asked what report his attorney made to him under this authority he had given him, and he said his attorney wrote to him that he had taken appellant's note, &c.   Besides, the counsel accepted the answer as pertinent to his question.   If it were not the reply he was attempting to elicit, he should have then disclaimed it.   The appellant's counsel could not be

supposed to have known but that was the very object of the
inquiry. Again, it is not the duty of a counsel who inter-
poses an objection to a question asked a witness in his tes-
timony at a trial, to object also to the answer the witness
gives. The counsel who puts the question should insist
upon a responsive answer to it, and if the witness fails to
comprehend the particular point of the inquiry, the question
should be so shaped as to make it evident. It often occurs
in the trial of issues of fact, that testimony may be intro-
duced for certain purposes which would be incompetent for
others. In all such cases the jury should be made to under-
stand the peculiar relevancy and importance of testimony of
that character and the purposes for which it can be consid-
ered. In the case under consideration it is not apparent
how the testimony offered upon the matter suggested could,
in any event, have been admissible. It certainly was not
for the purpose of establishing the existence of the alleged
note, and I cannot see from the record how the jury could
have considered it for any other purpose. If the respondent
introduced it in any other view or for any other purpose, he
is unfortunate, perhaps, in not being able to make it so ap-
pear.

The judgment will therefore be reversed and the case re-
manded to the court below for a new trial.